## WAXMAN v. UNITED STATES.

### No. 48761.

United States Court of Claims.

Dec. 6, 1948.

236

John C. Johnston, of Boston, Mass., for plaintiff.

William A. Stern, II, of Washington, D.C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

HOWELL, Judge.

Plaintiff Samuel Waxman alleges he was a contractor under several contracts with Government agencies and that without his fault or negligence he lost money in carrying out his agreements with the Government, said losses occurring between September 6, 1940, and August 14, 1945. Plaintiff's suit is founded upon the Lucas Act, Public Law 657, 79th Cong., Chap. 864, approved August 7th, 1946, 60 Stat. 903, 41 U.S.C.A. § 106 note, which gives the Federal District Courts jurisdiction to hear and determine such claims.

On July 27, 1948, plaintiff filed his petition in this court under Section 6 of the Lucas Act, supra, as amended by Section 37 of the Act of June 25, 1948, Public Law 773, 80th Cong., 2d Sess.

On August 26, 1948, the defendant filed a motion to dismiss this action, together with another action in this court by the plaintiff's assignee. Atlantic Corporation v. United States, Ct. Cl., 81 F.Supp. 235, In support of its motion to dismiss the Government urges that this petition was prematurely filed on the theory that the court did not acquire jurisdiction over such causes of action until September 1, 1948.

In filing his petition in this court on July 27, the plaintiff relied on Section 37 of Public Law 773, which reads as follows:

"Sec. 37. Section 6 of the Act approved August 7, 1946 (ch. 864, 60 Stat. 903), is amended to read as follows:

" 'Sec. 6. Whenever any claimant under this Act is dissatisfied with the action of a department or agency of the Government in either granting or denying his claim, such claimant shall have the right within six months to file a petition with the Court of Claims or, if the claim does not exceed $10,000 in amount or suit has heretofore been brought or is brought within thirty days *after the enactment of this amendatory act,* with any Federal district court of competent jurisdiction, asking a determination by the court of the equities involved in such claim; and upon the filing of such a petition, the court, sitting as a court of equity, shall have jurisdiction to determine the amount, if any, to which such claimant and petitioner may be equitably entitled (not exceeding the amount which might have been allowed by the department or agency concerned under the terms of this Act) and to enter an order directing such department or agency to settle the claim in accordance with the finding of the court; and thereafter either party may appeal from the decision if it was rendered by a district court or petition the Supreme Court for a writ of certiorari if it was rendered by the Court of Claims, as in other cases. Any case heretofore brought in a district court under this section may, at the election of the petitioner to be exercised *within thirty days after the enactment of this amendatory Act,* be transferred to the Court of Claims for original disposition in that court.' " [Italics supplied.]

Public Law 773 was a revision and codification of Title 28 of the U. S. Code entitled "Judicial Code and Judiciary." It was approved by the President on June 25, 1948. The concluding section of this act reads as follows:

"Sec. 38. The provisions of this Act shall take effect on September 1, 1948." 62 Stat. 992.

The explanation given of Section 38 in the legislative history is contained in the report of the Senate Judiciary Committee which recommended passage of the measure after it had amended the bill which originated in the House:

"This amendment sets the effective date of H.R.3214 as September 1, 1948, in order to provide a reasonable time for the bench and bar to familiarize themselves with the provisions of the Act. (S.Rept.No. 1559, 80th Cong., 2nd Sess.)"

The question raised by the Government in its brief and motion is whether the act is to be applied as though it had not come into existence until September 1, 1948, or whether, as plaintiff contends, Section 37 took effect immediately.

In this case were we to depart from the literal language of Section 37 it would mean the dismissal of the petition on highly technical grounds and would result in litigants who relied on Section 37 to bring actions in the Court of Claims rather than in the district courts prior to September 1, being effectively barred from ever prosecuting their cases because of the expiration of the statute of limitations in the interim.

Under the circumstances we cannot accede to the view that this act is to be applied as though it had not come into existence until September 1, 1948. Here the plaintiff filed his petition in this court on July 27, 1948, asking us for relief specifically provided under Section 6 of the Lucas Act. Therefore, he actually was in court before the six months statute of limitations had run against the filing of his claim. The suit remained on file and was before the court on September 1, 1948. True, the defendant had filed a motion to dismiss this action on August 26, 1948, on the ground that it had prematurely been brought and filed in this court, but the motion had not been acted upon.

It seems to us, therefore, that we would not do violence to the language of the statute here involved, and at the same time further the ends of justice by holding that the plaintiff had done everything that could be reasonably expected of him under the circumstances and that his suit was properly on file before this court on September 1, 1948.

The motion to dismiss this case on the grounds that this court does not have jurisdiction of the action is overruled.

It is so ordered.